MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, William J. LaFleur, E. Richard Lewis, Plaintiffs,

Bill Wise, Plaintiff-Intervenor,

James Flaggert, Plaintiff-Intervenor,

v.

NATIONAL ASSOCIATION OF SECURITIES DEALERS, INCORPORATED, Peter F. Walker, Charles Fath, William B. Madden, Chairman, District Business Conduct Committee for District No. 6, National Association of Securities Dealers, District Business Conduct Committee for District No. 6 of the National Association of Securities Dealers Incorporated, Defendants.

Civ. A. No. 3–77–0515–C.

United States District Court, N. D. Texas, Dallas Division.

July 19, 1977.

Richard Conway Casey, Brown, Wood, Ivey, Mitchell & Petty, New York City, David R. McAtee, Thompson, Knight, Simmons & Bullion, Dallas, Tex., for Bill Wise.

Joel H. Pullen, Tinsman & Houser, Inc., San Antonio, Tex., for Flaggert.

Andrew McR. Barnes, Washington, D. C., for defendants.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiffs filed this action on April 18, 1977, seeking to enjoin Defendants from conducting a non-confidential hearing in a disciplinary action. Plaintiffs are registered securities dealers who are members of the Defendant National Association of Securities Dealers, a quasi-governmental organization registered with the Securities and Exchange Commission pursuant to 15 U.S.C. 78o–3. The Honorable Robert W. Porter of this Court granted Plaintiffs' application for a temporary restraining order on April 18, 1977, and on June 8, 1977, this Court held a hearing on the question of a preliminary injunction. For the reasons set forth below, we are of opinion that Plaintiffs' application for preliminary injunction should be granted.

The facts in this case are not disputed. Briefly, in June of 1975, Mrs. Grace Heusinger filed a complaint with the National Association of Securities Dealers (hereafter, NASD), alleging mishandling of her account from December 1969 to April 1975 by the San Antonio office of Merrill Lynch. During the period in question, Plaintiff-Intervenor Bill Wise was manager of the San Antonio office of Merrill Lynch, and Plaintiff-Intervenor James F. Flaggert was the Merrill Lynch representative servicing the Heusinger account. Plaintiffs William J. LaFleur and E. Richard Lewis served at different times as head of the Merrill Lynch Compliance Department.

Following an investigation of the Heusinger complaint by its staff, the NASD commenced a disciplinary action by filing of a complaint on October 11, 1976. Named as respondents in the NASD disciplinary proceeding were Merrill Lynch, William LaFleur and E. Richard Lewis. It is important to note that Mrs. Heusinger did not choose to act as complainant in the NASD disciplinary action as she could have done under Article IV, § 2 of the NASD Rules. Neither did she choose to arbitrate her complaint to recover damages through NASD Code of Arbitration proceedings. Rather, Mrs. Heusinger simply filed her letter complaint and permitted the NASD itself to proceed with investigation and commencement of disciplinary action. NASD, therefore, is the complaining party in the disciplinary proceeding and Mrs. Heusinger is only a witness that the NASD intends to call.

A disciplinary hearing was scheduled on April 18, 1977, in Dallas, Texas, before District Business Conduct Committee No. 6. Shortly before the hearing, attorneys for Merrill Lynch learned from Mrs. Heusinger's attorney that she would shortly be filing a civil action for damages under the Federal securities laws. [On April 29, 1977, Mrs. Heusinger did indeed file Civil Action SA 77 CA 122 in the United States District Court for the Western District of Texas seeking damages in the amount of $1.5 million from Merrill Lynch, James Flaggert and Bill Wise.] At a pre-hearing conference on April 15, 1977, counsel for Plaintiffs (hereafter, Merrill Lynch) learned that it was the intention of the NASD staff that, in addition to calling Mrs. Heusinger as a witness at the disciplinary hearing, Mrs. Heusinger would be permitted to be accompanied by her attorney. Further, NASD staff indicated that Mrs. Heusinger and her attorney would be permitted to be present throughout the entire hearing.

Counsel for Merrill Lynch objected to the fairness of this procedure for two reasons, both of which are now before this Court. First, Merrill Lynch argued there and here that to deny it a confidential hearing would unfairly give Mrs. Heusinger the benefit in her civil action of all investigatory work done by the NASD staff as well as NASD's legal theories and arguments. Second,

Merrill Lynch argues that it would not have an opportunity to defend fully in a non-confidential disciplinary hearing as to do so in the presence of Mrs. Heusinger and her attorney would give her the benefit in her civil action of Merrill Lynch's legal theories and arguments.

In responding to these arguments, NASD does not deny that Mrs. Heusinger would derive significant advantage in her civil action from the opportunity to sit in, with her attorney, throughout the entire disciplinary hearing. Neither does the Association claim that Mrs. Heusinger would be able to gain access to Merrill Lynch's legal theories and arguments in any way other than through access to the disciplinary hearing. As for the investigative files of the NASD, the Association apparently admits that it would oppose any effort to subpoena such internal NASD-generated files and records. The NASD seems to take the position that Merrill Lynch has no right to a confidential hearing under the Constitution, Federal statutes or NASD rules and regulations and that Merrill Lynch, therefore, should not be heard to complain of any disadvantage resulting from NASD's failure to accord Merrill Lynch a confidential hearing.

■ Before proceeding to decide whether the NASD disciplinary hearing should be enjoined pending a determination of Merrill Lynch's right to a confidential hearing, we are faced with NASD's motion to dismiss. NASD first challenges that this cause is properly before this Court under any of three bases of jurisdiction asserted by Merrill Lynch: 15 U.S.C. 78aa, 28 U.S.C. 1331, or 28 U.S.C. 1337.

Under 15 U.S.C. 78aa, United States District Courts have jurisdiction of ". . . suits in equity and at law brought to enforce any liability or duty created by this chapter . . ." Included in the chapter in question is the requirement that an association of dealers, in order to be registered as such by the Securities and Exchange Commission, must ". . . provide a fair procedure for the disciplining of members . . .", 15 U.S.C. 78o–3(b)(10), and in determining whether to discipline, that such

an association shall ". . . give him [the member subject to discipline] an opportunity to defend against, such charges . .", 15 U.S.C. 78o–3(h)(1). We are of opinion that jurisdiction is proper under 15 U.S.C. 78aa and do not, therefore, reach the alternative bases of jurisdiction alleged by Merrill Lynch.

■ Defendant next contends that this proceeding should be dismissed because of failure by Merrill Lynch to exhaust its administrative remedies. In this connection, it is admitted that appeals are available ultimately to the United States Court of Appeals. NASD contends, therefore, that by asserting its claim to a confidential hearing and refusing to defend, Merrill Lynch may ultimately have its claim reviewed by a constitutional court and that stays are available at each stage of the administrative and judicial process so that no penalty imposed as a result of the disciplinary hearing will be placed into effect prior to judicial review. As Merrill Lynch points out, however, it would thereby be denied the opportunity to defend and it is not at all clear that, should Merrill Lynch ultimately prove unsuccessful in its claim of a right to a confidential hearing, it would then have a right to a new disciplinary hearing. It could well develop, therefore, that Merrill Lynch will be informed by the Court of Appeals that it has no right to a confidential hearing and then find that it has forfeited its right to defend against the NASD disciplinary complaint. For this reason, we believe that Merrill Lynch is entitled to a determination by a constitutional court of its right to confidentiality before it is made to elect to defend or not at a non-confidential hearing.

On this administrative remedies argument, NASD relies heavily upon *Otis & Co. et al. v. NASD, Inc.,* 84 F.Supp. 395, (USDC, DC, 1949). That case, however, involved efforts by NASD to compel disclosure by Otis of communications claimed to be protected by the attorney-client privilege. Judge Morris pointed out in dismissing that claim for failure to exhaust administrative remedies that "By insisting upon such right

(attorney-client privilege), they may secure it." Supra, 398. In that case, however, the system of appeals and stays made it possible for Otis to have the question decided by the Court of Appeals prior to being forced to disclose the communications in question and prior to being disciplined for failure to disclose. While Otis forfeited nothing by exhausting administrative remedies, as it could immediately disclose if so ordered by the U. S. Court of Appeals, Merrill Lynch is faced with the prospect of forfeiting its statutory right to defend in the disciplinary proceeding.

But even if Merrill Lynch had an absolute right to a new disciplinary hearing upon exhausting its administrative remedies, there is still a reason for this Court to grant injunctive relief. If NASD is permitted to proceed with a non-confidential hearing, Mrs. Heusinger will thereby gain access to the investigative efforts and legal theories and arguments of the NASD. In this connection, NASD does not claim that it has authority to assist private litigants in the preparation of their civil actions. If the situation were such, therefore, that the NASD has informed Merrill Lynch that, out of sympathy for Mrs. Heusinger, NASD was assigning staff members to assist her and her attorney with preparation of her civil action against Merrill Lynch, it would be difficult for NASD to then argue that this Court should decline to enjoin such assistance because of the failure of Merrill Lynch to exhaust its administrative remedies. The course of action that NASD here indicates it will follow, however, would accomplish the identical result. It should, therefore, be subject to injunction by this Court to permit review by a constitutional court of Merrill Lynch's right to confidentiality.

■ As for Merrill Lynch's likelihood of prevailing on the merits, Merrill Lynch contends that NASD disciplinary proceedings operate under a principle of confidentiality; NASD argues, of course, that there are no rules requiring confidentiality. As Merrill Lynch points out, however, there is no reference in the NASD rules to indicate that

public access to a disciplinary hearing is proper. Rather, public disclosure is provided as one of the consequences of a finding that ethical rules have been violated (NASD Manual § 2301). The NASD rules also provide that those persons to be present at a disciplinary hearing are the complainant, the committee, the respondents and their counsel (NASD Manual § 3009); that a copy of the written decision of the committee shall be sent to the complainant, committee members, and the respondents (NASD Manual § 3011); that information available to public customers such as Mrs. Heusinger includes the NASD's certificate of incorporation, bylaws and rules thereunder (NASD Manual § 2201); and that records relating to complaints shall be open for inspection to the Securities and Exchange Commission (NASD Manual § 3024). The fact that these rules specifically designate those who are to have access to hearings and documents strongly implies that access is to be limited to the enumerated persons or entities and that the policy or principle of NASD is one of confidentiality.

Without deciding the matter, therefore, we are of opinion that there is substantial likelihood that Plaintiffs will be able to demonstrate at trial on the merits that NASD is endeavoring to deprive Merrill Lynch of the confidentiality to which it is entitled under established NASD policy. Further, it would appear that such departure from established principles is so substantial as to constitute a violation of Merrill Lynch's right to a "fair procedure" under 15 U.S.C. 78$o$ –3(b)(10). We are unable, however, to see that a constitutional issue is raised under the Due Process Clause.

Having determined that Merrill Lynch would be irreparably harmed by a non-confidential hearing and that Merrill Lynch has demonstrated a substantial likelihood that it will be able to establish a right to confidentiality when the case is tried on the merits, we proceed to examine the effect of a preliminary injunction upon the Defendant. In this connection, the NASD does not contend that it would be prejudiced by a

preliminary injunction but rather that it would be frustrated in its effort to protect the investing public. The question, therefore, is the extent to which the investing public will be harmed by an injunction.

The position of NASD is that Mrs. Heusinger has advised that she will not testify at a confidential hearing. If this Court preliminarily enjoins a non-confidential hearing, therefore, NASD will not have Mrs. Heusinger's testimony as NASD has no form of subpoena power. The implication is that NASD will not be able to proceed without Mrs. Heusinger's testimony; if so, it would not appear that any wholesale fraud is being practiced on the investing public by the San Antonio office of Merrill Lynch. If there were some emergency situation or some major threat to investors, it would seem that NASD, in the almost two years since Mrs. Heusinger's letter complaint was filed, would have located additional witnesses.

Further, it should be noted that the investing public does not depend exclusively upon NASD disciplinary proceedings for protection against unethical trading practices: civil actions under the securities laws afford another powerful deterrent to unethical practices. Here, Mrs. Heusinger has initiated a civil action which would be expected, in the normal course of events, to discourage Merrill Lynch representatives in San Antonio from engaging in further "churning" of accounts, if they had actually engaged in such practice, as has been alleged by Mrs. Heusinger.

Finally with respect to prejudice to NASD and the investing public, if Mrs. Heusinger refuses to testify at a confidential hearing, the NASD will be in no worse position than in any other case where a customer declines to cooperate. Assuming that Merrill Lynch does have a right to a confidential hearing, NASD should not be allowed, out of zeal to do its job, to bargain away the rights of its members in order to entice a reluctant witness to testify.

In conclusion, NASD argues that it would be unfair to Mrs. Heusinger in her civil action to give Merrill Lynch the bene-fit of her testimony before the disciplinary hearing. We are unable to follow this argument, however, as the Federal Rules of Civil Procedure require that Mrs. Heusinger provide Merrill Lynch with some information regarding her claim in the complaint which she must file to commence her civil action; Mrs. Heusinger is also obligated in connection with her civil action to respond to interrogatories, requests for production, and requests for admissions and to submit to deposition. We are unable, therefore, to see any appreciable benefit to Merrill Lynch from Mrs. Heusinger's testimony at a disciplinary hearing. As previously noted, however, Mrs. Heusinger would benefit substantially from a non-confidential hearing which would provide her with a dress rehearsal for her civil trial. We are unable, however, to see any appreciable prejudice to Merrill Lynch from permitting Mrs. Heusinger's attorney to accompany her to a disciplinary hearing and to be present with her when she is actually testifying. At no stage during her civil action or discovery therefor will Mrs. Heusinger be denied the assistance of counsel.

For the reasons set forth above, this Court will enter a preliminary injunction enjoining NASD from proceeding with a non-confidential disciplinary hearing in this matter except that Mrs. Heusinger may be accompanied by counsel during such time as she is actually testifying. Bond in the penal sum of $1000.00 is required. Counsel for Plaintiffs are requested to prepare and submit an appropriate form of order.